IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-97-BO

| | | |
|---|---|---|
| SANDRA B. LAKEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 41, 45]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held at Edenton, North Carolina on August 30, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 41] is GRANTED and defendant's motion [DE 45] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner denying her claim for Disability Insurance Benefits and Supplemental Security Income. After initial denials of her application for benefits, plaintiff was given a hearing in front of an Administrative Law Judge (ALJ) on July 18, 2017. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined that plaintiff had the RFC to perform a limited range of light work activity and therefore could perform her past relevant work as an assistant manager and cashier of a convenience store. This finding is not supported by substantial evidence, and upon consideration of the record, the Court finds the most plaintiff could perform is sedentary work.

The ALJ discredited the opinion of treating provider Dr. Girguis, M.D., who found that plaintiff could not perform light work due to her chronic back pain, as being inconsistent with the record. Specifically, the ALJ states in a short paragraph that Dr. Girguis's opinion was inconsistent with a record showing generally conservative treatment of plaintiff by providers that appeared to have been effective. [Tr. 30]. But the record demonstrates that plaintiff's financial situation, particularly her lack of insurance, was a determinant of the level of treatment she had received in the past. The ALJ never addressed this evidence. And the ALJ's conclusion that the treatment was effective is undercut by evidence in the record showing that plaintiff had an additional surgery scheduled to deal with her L4-5 posterior annular fissure and its associated effects. A denial of benefits is not supported by substantial evidence if the ALJ has not analyzed all of the evidence

3

and sufficiently explained his conclusions. *See Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984). The ALJ failed to do so here. Additionally, the ALJ erred by effectively requiring plaintiff to put forth clinical and objective evidence of the intensity, persistence, and limiting effects of her back pain. Plaintiff established that she had degenerative disc disease, which is capable of causing severe pain, and was entitled to rely on subjective evidence. *See Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance. The record plainly demonstrates that plaintiff was at most capable of performing sedentary work, and given her age, education, and experience, a finding of disabled is appropriate under Medical-Vocational Guideline 201.14. Accordingly, there is nothing to be gained from remanding this matter for further consideration and reversal for an award of benefits is appropriate.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court concludes that reversal and remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 41] is GRANTED and defendant's motion [DE 45] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this __11__ day of September, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE